ANDREW FUNDERBURK v. THE STATE.

No. 15175.   Delivered April 20, 1932.

The opinion states the case.

*Bryan Atchison* and *Floyd Jones,* both of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts in this case seem amply sufficient to support the judgment. Officers, with a search warrant, went to appellant's house and found therein some four hundred gallons of whisky. They did not take charge of appellant at the time. He seems from the testimony to have hastily absented himself and to have remained secreted for some little time. On this trial he objected to the testimony of the officers as to the result of their search, but he took the witness stand and testified that he left his house on he day before the search was made and spent the night up on the river; that he had only gotten back to his house a few minutes before the officers got there. He admitted that he was out in the chicken yard feeding his chickens when the officers got out of their car, and that when they came toward him he went out the side gate and left. His explanation of his conduct was that a friend who went fishing up the river the night before had come back to town, and returned to the river with information that a party had come along claiming to have something the matter with his truck, and claiming to be a friend of appellant, who had asked permission to unload a lot of stuff at appellant's house, and appellant said he thought the officers might find something there which had been unloaded by this other fellow, and he thought it best to leave. He defended on the proposition that he did not have possession of the whisky the officers found in his house, and that it belonged to a man named Little who had stopped there the afternoon before and unloaded it without appellant's knowledge or consent. There appears in the record no complaint of the charge of the court.

Appellant by two bills of exception presents his objection to the admission in evidence of secondary testimony of the contents of the affidavit and search warrant under which the officers acted in making their search of his premises. We regard the predicate laid by the state in testimony as sufficiently showing the loss of said instruments. It was shown that at a former term of the court, and when appellant was then being tried, the affidavit and search warrant were before the court, and were admitted in evidence, were correctly transcribed in a bill of exception taken then to their introduction in evidence, and that subsequently said affidavit and search warrant had been turned over to appellant's then attorney. The state showed that diligent search had been made by the authorities in the usual places where such documents were kept, without success. Appellant's former attorney had removed from the county. We believe the learned trial judge justified in concluding that the originals of the affidavit and search warrant were lost, and that diligent search had been made therefor, and that in this situation it was entirely permissible to admit in evidence secondary evidence of the contents of said search warrant and affidavit. As same appear in the record they are sufficient

to justify the issuance of the search warrant under which the officers acted. Authorities are numerous and need no citation.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*